EZRA B. DIBBLE *vs.* ELIAS P. MERRIMAN AND ANOTHER.

The state constitution (Art. 10, sec. 2,) provides that "each town shall annually elect selectmen and such officers of local police as the laws may prescribe." Held that tax assessors are not officers of local police, and that therefore an act providing for their election for a term of three years is not unconstitutional.

[Argued June 3d—decided July 16th, 1884.]

APPLICATION to a judge of the Superior Court for a certificate of election as a tax assessor and for a mandamus. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

Dibble *v.* Merriman.

*A. H. Robertson* and *H. L. Hotchkiss*, for the plaintiff.

*W. J. Mills* and *W. H. Law*, with whom was *H. Dailey*, for the defendants.

PARK, C. J.   In the year 1879 the legislature passed an act providing that "assessors of the towns of Hartford, Bridgeport and New Haven shall hereafter hold office for the term of three years from the first Monday of June succeeding their election."   Pub. Acts of 1879, p. 381. Under this statute the town of New Haven at the annual town meeting in the month of December, 1882, elected the defendants and others assessors for the term of three years from the first Monday of June then next following.   At the annual town meeting of New Haven in the month of December, 1883, such proceedings were had that the plaintiff and others would have been assessors of the town from the first Monday of the following month of June, if at that time there would be vacancies in the office.

The plaintiff claims that the statute of 1879, extending the term of office of assessors for a longer period than one year, is in conflict with the provision of the constitution of the state which provides that "each town shall annually elect selectmen and such officers of local police as the law may prescribe," and is consequently void.   The claim is that assessors are officers of local police and so come within the constitutional requirement of annual elections; and hence that there were vacancies in the office of assessors on the first Monday of June, 1884, which the plaintiff and others were elected to fill.

The plaintiff's conclusion would be correct if the act of 1879 is unconstitutional; and this depends upon the question whether assessors are "officers of local police," within the meaning of the constitution.

Webster defines the word "police" as follows:—"The government of a city or town; the administration of the laws and regulations of a city or incorporated town or borough."   The question then is, do the duties of assessors

pertain to the government of a town, or to the administration of the laws and regulations therein.

Clearly assessors have nothing to do with the performance of such duties as these. Their duties are confined wholly to the proceedings provided by law for the assessment of taxes, and these proceedings lie wholly outside of what may be called the "local police" of a town.

We think it is clear that assessors are not officers of local police of a town within the meaning of the constitution, and that therefore the act of 1879 is constitutional and valid.

The view we have taken of this question renders it unnecessary to consider the other questions raised in the case.

We advise judgment for the defendants.

In this opinion the other judges concurred.