RUFUS RANDELL AND ANOTHER *vs.* THE CITY OF BRIDGEPORT.

New Haven & Fairfield Cos., Oct. T., 1892. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and F. B. HALL, Js.

The town and city of Bridgeport had been separate public corporations, the territory of the former being more extensive than and including the latter, and the board of relief being wholly a town board. In

1889 the legislature extended the city limits, making them include the whole territory of the town, and gave the city the principal powers and duties which had belonged to the town, preserving the town organization for certain special purposes, but making the board of relief a city board. It is provided by Gen. Statutes, § 3860, that "any person claiming to be aggrieved by the action of the board of relief in any town * * * may appeal therefrom to the Superior Court." Held that an appeal lay from the action of the board of relief of the city.

[Argued November 2d—decided December 10th, 1892.]

APPLICATION for a review of the action of the board of relief of the city of Bridgeport; made to the Superior Court in Fairfield County. Motion of the defendant to erase the case from the docket for want of jurisdiction granted by the court (*Prentice, J.,*) and appeal by the plaintiff.

*W. D. Bishop, Jr.*, and *H. T. Shelton*, for the appellants.

*G. W. Wheeler* and *H. H. Knapp*, for the appellee.

F. B. HALL, J. The plaintiffs made their application to the Superior Court in the nature of an appeal from the doings of the board of relief of Bridgeport under section 3860 of the Gen. Statutes, describing in their application the board of relief from which their appeal was taken as the board of relief of the city of Bridgeport.

The Superior Court having erased the case from the docket upon the ground that it had no jurisdiction of an appeal from the board of relief of the city of Bridgeport, the plaintiffs appealed from that decision to this court.

It is the claim of the defendant that the special act of 1889 entitled "An Act Amending the Charter of the City of Bridgeport and Consolidating the Governments of the Town and City of Bridgeport" (Special Laws of Conn., vol. 10, p. 854) abolished the then existing town board of relief and created a city board of relief, from which no appeal lies to the Superior Court, either by the provisions of said act or by those of the General Statutes, § 3860.

The plaintiffs claim that, though from the language of the special act of 1889 said board, in the relations of the

town and city to each other, may be properly called the board of relief of the city of Bridgeport, yet, within the meaning of section 3860 and of the general laws of the state, it is still the board of relief of the town of Bridgeport.

The question then presented for decision is—Had the plaintiffs, under the section of the General Statutes just referred to, a right of appeal to the Superior Court from the board of relief of Bridgeport as constituted under said special act of 1889?

The language of section 3860 is as follows:—" Any person claiming to be aggrieved by the action of the board of relief *in any town* may, within two months from the time of such action, make application in the nature of an appeal therefrom to the Superior Court," etc. The same section provides that the town shall be cited in as a party defendant. The section following requires the appellant to give a bond of recognizance to the town for the prosecution of such appeal.

The original act passed in 1878, of which section 3860 is a part, described the board of relief from the action of which an appeal was allowed, as the board of relief *of any town.* The word " in " seems to have been first substituted for " of " in the revision of 1888.

We think there is no special significance to be attached to this change, and that it was not intended by either expression to grant a right of appeal to the Superior Court from any other than the town boards of relief.

Assuming that, since the passage of the special act of 1889, the board of relief from which the plaintiffs took their appeal may be properly described as the board of relief of the city of Bridgeport, we think that an examination of the provisions of that act will show that this board is none the less, either in law or in fact, the board of relief of the town of Bridgeport, and that it may be appropriately termed in law, what it is in fact, either the board of relief of the city of Bridgeport or of the town of Bridgeport or of the city and town.

The special act of 1889 first makes the boundaries of the

city and town coincident by providing that that portion of
the town not included within the limits of the city shall be
annexed to the city, and that the boundaries of the town
shall be the boundaries of the city.

It provides that all electors of the town shall be qualified
to hold office and vote at city meetings; that the town debt,
state military commutation, county taxes, and all other
liabilities for which towns were then or might thereafter be
made liable, shall be borne and paid by the city; and that
the city shall "perform all the duties, and have and exer-
cise all the rights, powers and privileges of and relative to
said purposes and matters by law conferred upon said town,
and that all the laws of the state imposing such duties, bur-
dens and expenses, and conferring such rights, powers and
privileges upon such towns, are amended so as to be appli-
cable to and operative upon said city."

The town and city limits as they before existed are main-
tained by dividing the city into two districts, one compris-
ing the entire town and the other that part of the town
which constituted the city before the passage of the act.
Different burdens of taxation and expense are placed upon
each; and that the amount to be imposed upon each district
may be ascertained, it is provided "that it shall be the duty
of the assessors and board of relief of said city to indicate
in the compilation of the grand list what is and what is not
taxable by said city in each of said districts, in the same
manner as is now required by law of the assessors and boards
of relief of the town of Bridgeport."

The mayor of the city is empowered to warn all town and
electors' meetings in the town of Bridgeport in the manner
provided by law for the warning of such meetings by select-
men and constables of the towns, and to perform certain
other duties before performed by selectmen.

Section nine of the act provides for the election of five
selectmen of the town of Bridgeport at the annual town
meeting to be held on the same day as the annual city meet-
ing, and limits the powers and duties of the selectmen to
those vested in and imposed upon them by the constitution

and laws of the state relative to the admission of persons to the privileges of electors of the town and the erasure from the registry list of the names of those who have forfeited the privileges of electors.

Another section provides for the election at the annual meeting of the electors of the city of certain officers, among whom are a town clerk for the town of Bridgeport and two registrars of each voting district of the town of Bridgeport.

Section twelve provides that "there shall be a board of assessors and a board of relief in said city;" and that they shall be electors residing in said city, and appointed by the mayor, by and with the advice and consent of the board of aldermen.

Section thirteen is as follows: "The board of assessors and board of relief and collector of taxes of said city shall *possess all the powers and shall annually perform all the duties in and for said city imposed by law upon assessors and boards of relief and collectors of taxes of the town respectively;* and all the laws of the state conferring powers and imposing duties upon the assessors and board of relief and collector of taxes of the town of Bridgeport, are hereby amended so as to be hereafter applicable to and operative upon said board of assessors, board of relief and collector of taxes of said city respectively." Other provisions of the act need not be referred to.

It was manifestly the purpose of this act, as indicated by its title, to establish over the entire territory of the town of Bridgeport, so far as it could be done under the constitution of the state, a single form of local government in place of the dual form of town and city government. To accomplish this it was intended to provide, so far as the constitution would permit, that all officers, whether their duties related to the entire town or were such as had been before limited to the district which, prior to the passage of the act, constituted the city of Bridgeport, should either be chosen at the meeting of the electors of the city, at which all the electors of the town were qualified to vote, or be appointed

by the officers of the city, who were themselves chosen by the electors of the town.

The town necessarily continues its existence, holds its meetings, and chooses its selectmen, as required by the constitution of the state. Certain of the town officers not required by the constitution to be chosen by the towns, are either no longer chosen by either the town or city, as constables and grandjurors, or are elected at the city meetings as town officers and so called by the act itself, as town clerk and registrars of towns.

Clearly the act does not contemplate that none of the officers chosen by the electors of the city, or that none of those officers chosen at city elections, shall be or be termed town officers. Their character as city or town officers is not always determined by the manner of their election or appointment.

Unless prohibited by the constitution there is no law forbidding the election of town officers at a meeting of the city electors, while the boundaries of the town and city are coincident and the electors of the city are also the electors of the town. Neither town assessors nor town boards of relief are required by the constitution to be chosen at town meetings. *Dibble* v. *Merriam*, 52 Conn., 214.

While certain officers are more fitly named town officers, as selectmen of the town, and others are more properly called city officers, as the mayor and common councilmen of a city, assessors and members of boards of relief, being common to both towns and cities, are properly designated either as town or city officers, as their duties may relate to the preparation and compilation of the lists of the taxable property within the town or within the city; and when, whether chosen by the town or by the city, the same assessors and board of relief are required by law to perform the duties of those officers for both the town and the city, they are aptly described either as town officers, city officers, or town and city officers.

The performance by the same board of relief of the duties of such board for both the town and city of Bridgeport was not first required by the special act of 1889. For several

years previous to the passage of that act neither assessors nor members of the board of relief of Bridgeport had been appointed by the city. Under the charter and ordinances of the city of 1874–5, assessors and a board of relief for the city were annually appointed by the common council. Charter and ordinances of the city of Bridgeport, 1874, page 200.

In 1883 an act was passed requiring the assessors and board of relief of the town of Bridgeport to prepare for the city the lists of property upon which city taxes were laid. Special laws of Conn., vol. 9, page 758. Since that time, and until the act of 1889 in question, neither assessors nor a board of relief were chosen by the city of Bridgeport. This law of 1883 was incorporated in the revision of the charter of the city of Bridgeport of 1887. (Special Laws of Conn., vol. 9, page 545); and, by sections six and thirteen of the special act of 1889, the present boards of assessors and relief appointed by the city are required to perform in every respect the same duties as those performed before the passage of the act by the boards elected by the town. The only apparent difference between the boards of assessors and of relief appointed before and those appointed since the act of 1889, is that in the former case the town elected them for the town and city, and in the latter the city appoints them for the city and town.

Under the act of 1889 the distinction between the town and city of Bridgeport only ceases so far as it is necessary to effect the purposes of that act. In their separate relations to the state and county, the town and city each maintains an independent existence. While the boundaries of the town and city are coincident and the electors of the town are the electors of the city, those officers of Bridgeport chosen under the act of 1889 at city meetings, or appointed by the mayor and board of aldermen, and whose duties relate to the affairs and interests of the entire town, and who prior to the act of 1889 were chosen by the towns, are not only city officers, but, within the meaning of section 3860 and of the public laws of the state concerning town officers, are officers of the town of Bridgeport.

The claim of the defendant that, upon the adoption of the consolidation act of 1889, the board of relief of Bridgeport at once lost its character as a town board, so that no appeal to the Superior Court lies from its doings under section 3860, we think conflicts with the language of section thirteen of the act of 1889, by which it was evidently intended to provide that the powers and duties of the board of relief appointed by the mayor should be the same as those of the board before chosen by the town. If no appeal lies from the action of the present board of relief, then, its decisions being final, its powers are different from and greater than those of the board appointed by the town, whose action was not final, but from the doings of which an appeal lay to the Superior Court.

Again, if no appeal lies to the Superior Court from the action of the present board of relief of Bridgeport, it may be questioned whether, under the act of 1889, an appeal would lie from the doings of the assessors to the board of relief. The act itself only provides for such an appeal by making the powers and duties of the board of relief appointed by the mayor the same as those of the board before elected by the town. But if the board of relief chosen by the town possessed the power to hear appeals from town assessors only, whence the power of the present board of relief to hear appeals from those assessors who, under the defendant's claim, are no longer town assessors but city assessors?

The assessors and board of relief appointed by the mayor and aldermen of Bridgeport under the act of 1889 prepare the lists upon which are laid not only the city taxes but such part of the county and state taxes as are imposed upon the town.

From the doings of such board of relief the plaintiffs were entitled to appeal to the Superior Court under § 3860.

There was error in the order of the Superior Court erasing the case from the docket.

In this opinion the other judges concurred.